Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

September 22, 2021

Ravi Subramanian, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REYES DE LA CRUZ, III,<br><br>Defendant. | NO. CR21-5336 RJB<br><br>**INDICTMENT** |

The Grand Jury charges that:

## BACKGROUND

At all times material to this Indictment:

1. **Overview.** Defendant REYES DE LA CRUZ, III was an employee and public official with the Washington Employment Security Division (ESD). These charges involve DE LA CRUZ's exploitation of his employment at ESD to steal public funds intended to be paid as unemployment benefits to American workers suffering from the economic effects of the COVID-19 pandemic.

2. Namely, DE LA CRUZ: (1) accepted payment from individuals he knew directly or indirectly in exchange for ensuring that those individuals received pandemic unemployment benefits, even though they were not entitled to benefits; (2) demanded

United States v. De La Cruz
Indictment - 1

2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  payments from individuals by threatening to reverse the benefits decisions he engineered;
2  and (3) fraudulently used personal identifying information (PII) of other Washington
3  residents to file fraudulent claims and diverted the benefits to himself. In total, DE LA
4  CRUZ caused ESD to pay out at least approximately $360,000 worth of fraudulent
5  claims, of which DE LA CUZ personally obtained at least $130,000.

6         3.      DE LA CRUZ is a Washington resident and worked at ESD from on or
7  about April 1, 2020 until on or about October 1, 2020. DE LA CRUZ held various roles
8  on the intake team at ESD's claim centers. He began as an entry-level intake agent,
9  handling basic inquiries from the customer service email and phone line, and quickly
10 progressed to an unemployment insurance specialist with responsibilities that included
11 processing basic and complex claims, fact-finding research with claimants and employers
12 to determine eligibility, and adjudicating basic claim issues to allow or deny benefits.
13 During this period of employment, his work was done remotely from the Moses Lake,
14 Washington area due to the COVID-19 pandemic. DE LA CRUZ also previously worked
15 at ESD from 1996 until 2003, when he began as an entry-level intake agent and
16 progressed to more advanced roles.

17        4.      **CARES Act Unemployment Benefits.** On March 27, 2020, the United
18 States enacted into law the Coronavirus Aid, Relief, and Economic Security (CARES)
19 Act. The CARES Act authorized approximately $2 trillion in aid to American workers,
20 families, and businesses to mitigate the economic consequences of the COVID-19
21 pandemic. The CARES Act funded and authorized each state to administer new
22 unemployment benefits. These benefits included: (1) Federal Pandemic Unemployment
23 Compensation, which provided a benefit of $600 per week per unemployed worker in
24 addition to existing benefits; (2) Pandemic Unemployment Assistance, which extended
25 benefits to self-employed persons, independent contractors, and others; and (3) Pandemic
26 Emergency Unemployment Assistance, which extended benefits for an additional 13
27 weeks after regular unemployment benefits are exhausted.

28

United States v. De La Cruz
Indictment - 2
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. The CARES Act allowed an unemployed worker to obtain back benefits retroactive to the date on which the applicant was affected by COVID-19, which, under program rules, could be as early as January 27, 2020, for up to 39 weeks. As a result, backdated benefit claims could easily amount to tens of thousands of dollars.

6. CARES Act unemployment benefits are funded by the United States government through the Department of Labor and administered at the state level by state agencies known as state workforce agencies (SWAs). ESD is the SWA for the State of Washington and headquartered in Olympia, Washington. CARES Act unemployment benefits are authorized, transferred, disbursed, and paid in connection with a nationwide emergency declared by Presidential Proclamation 9994 (effective as of March 1, 2020) and a Presidential declaration of a major disaster for the State of Washington concerning the COVID-19 pandemic that was issued on March 22, 2020.

7. On March 11, 2021, the American Rescue Plan Act was enacted into law and extended many of the CARES Act unemployment benefits that were set to expire on March 14, 2021.

8. **ESD's Unemployment Tax and Benefit System**. Applicants for unemployment benefits may submit and manage their applications using ESD's Unemployment Tax and Benefit (UTAB) system via an online portal called eServices. The UTAB system is hosted at the State Data Center in Olympia, Washington. Alternatively, applicants may call ESD and have an intake agent modify, complete, and submit the necessary information in UTAB for them. ESD intake agents have full-access to the UTAB system, and may use the system to create or modify information in the application or claim file.

9. UTAB requires an applicant to provide his or her PII, including name, date of birth, and Social Security number. If ESD confirms that the information matches the PII of a person in ESD's records, ESD will pay out benefits via wire (ACH) transfer to a bank or financial account identified by the applicant. An applicant may also request that

United States v. De La Cruz
Indictment - 3
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the benefits be loaded onto a KeyBank-issued debit card and mailed to an address provided by the applicant.

10. When ESD disburses unemployment benefits, ESD initiates the payment from Olympia, Washington, and the payment is processed in one of KeyBank's wire processing centers. KeyBank does not have any processing centers within Washington state. Therefore, every ESD benefits payment results in an interstate wire communication that originates in Washington State and travels to another state.

## COUNTS 1-6
## (Wire Fraud)

11. Paragraphs 1-10 of this Indictment are incorporated by reference as if fully set forth herein.

**A.    The Scheme to Defraud**

12. Beginning at a time unknown, but not later than on or about July 3, 2020, and continuing until at least March 15, 2021, at Olympia, within the Western District of Washington, and elsewhere, DE LA CRUZ devised and intended to devise a scheme to defraud ESD, and to obtain money from ESD by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

13. The essence of DE LA CRUZ's scheme to defraud was to exploit his employment at ESD to make materially false and fraudulent statements and representations to obtain COVID-19 pandemic unemployment benefit funds. In some instances, DE LA CRUZ fraudulently used PII of other persons to file fraudulent COVID-19 pandemic unemployment claims in their identities and caused the benefits to be loaded onto debit cards and sent to DE LA CRUZ. In other instances, DE LA CRUZ made the materially false and fraudulent statements to ensure disbursement of the claims to the claimant in exchange for a payment from the claimant to himself. During the course of the scheme, DE LA CRUZ knowingly and fraudulently obtained at least approximately $130,000 for himself and caused ESD to disburse at least approximately $360,000 for fraudulent claims.

United States v. De La Cruz
Indictment - 4
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.      Manner and Means**

It was part of the scheme and artifice to defraud that:

14.     ***Defendant's Submission of Claims Using Other Persons' PII:*** DE LA CRUZ obtained the PII of individuals he knew directly or indirectly. DE LA CRUZ then accessed the UTAB system and filed fraudulent claims using the PII he obtained. That is, DE LA CRUZ entered the names, dates of birth, and Social Security numbers of other persons for an unlawful purpose.

15.     When filing claims for benefits using other persons' PII, DE LA CRUZ specified that the benefits should be paid to debit cards issued by KeyBank. DE LA CRUZ further specified that the debit cards should be mailed to addresses in Moses Lake, Washington, where DE LA CRUZ knew that he could retrieve the cards from the mail. After retrieving the cards, DE LA CRUZ used the debit cards to withdraw cash, transfer money to online payment accounts, make online purchases or payments, and make retail purchases.

16.     ***Defendant's Fraudulent Manipulation of Pending Claims on Behalf of Claimants:*** DE LA CRUZ agreed with ESD claimants that DE LA CRUZ knew directly or indirectly that DE LA CRUZ would use his position at ESD and access to UTAB to cause the individuals' claims to be approved. In some instances, DE LA CRUZ and the individual agreed in advance that DE LA CRUZ would receive a portion of the benefits after the funds were disbursed. In other instances, DE LA CRUZ demanded payment after the funds were disbursed. DE LA CRUZ made these agreements despite ESD policy that prohibited employees from working on the files of friends, relatives, or coworkers.

17.     DE LA CRUZ, using UTAB, repeatedly accessed these claimants' files. DE LA CRUZ then altered and/or adjudicated the claims in UTAB to ensure that benefits would be disbursed. In many instances, the individuals did not actually qualify for benefits. DE LA CRUZ submitted false information to ensure the disbursement of funds.

United States v. De La Cruz
Indictment - 5
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. Because the CARES Act permitted claimants to receive retroactive benefits, the fraudulent claims DE LA CRUZ filed in July, August, and September of 2020 resulted in initial benefit payments that equaled thousands of dollars per claimant. For example, DE LA CRUZ filed two fraudulent backdated claims in the name of a person with the initials S.S. on two consecutive days, resulting in two payments totaling approximately $26,700.

19. In some instances, after DE LA CRUZ filed the initial claims, he continued to submit weekly claims through UTAB until his employment with ESD ended.

20. One example of DE LA CRUZ soliciting payment in exchange for processing CARES Act unemployment benefits occurred via Facebook message on or about August 10, 2020, in which DE LA CRUZ wrote, in part:

> So I am doing this and helping you guys get a big amount of money that otherwise would not be obt ainable [sic]. **So I am asking for a percentage of the benefits. I help you, you help me.** It's a lot of work making this work and remember, it's money that wouldn't be available unless I did it the way I did it. So it should be no problem paying me a small portion for the large amount that I am getting you guys. If I totalled [sic] it up right, it should be close to $10 grand if you paid me $2000.

(emphasis added). For that particular claim, over $16,000 in benefits were disbursed after DE LA CRUZ's intervention on the claim, of which approximately $11,000 was paid in a lumpsum contemporaneously to DE LA CRUZ's solicitation.

21. In another example, on or about August 11, 2020, DE LA CRUZ explained in detail via Facebook message how a backdated claim payment of approximately $13,000 would not have occurred but for his intervention:

> I am the one who adjudicated your claim. You would have been denied those weeks because you only had those paper receipts and tried to use them as wage verification. I went all the way back to Feb 29th 2019 and made it to where you were monetarily eligible because without me pushing those receipts off as legal wage verification, there is no way you would have been eligible. You weren't even going to have a decision made anytime soon because the case didn't even hold any supportable

United States v. De La Cruz
Indictment - 6
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

documentation. It was going to presumptively deny your claim. [I.A.] told me about your case and I tried to call you but it just gave me your voicemail. Anyways, on the 8th and 9th of this month, or this last weekend, I spent a lot of time doing some fact finding statements, clearing and overriding issues on your claim until I finally got your claim to where it is now. After completing all these tasks, I called you to let you know and again, no answer. So I called [I.A.] and I have been trying to get ahold of you since. [I.A.] brought your name and social security number and told me that you knew the deal and that you were wanting to take my deal in exchange for my portion of the benefits. This is the reason why your [sic] sitting on $13,458.

This claimant, who had not received any benefits prior to DE LA CRUZ's actions, received approximately $39,000 in pandemic-related unemployment benefits.

22. In at least two instances, when individuals resisted paying him, DE LA CRUZ threatened to alter their claims so that they would no longer receive the benefits. In total, DE LA CRUZ accepted at least approximately $21,000 in payments from claimants in exchange for ensuring that the claimants received CARES Act unemployment benefits.

23. ***Defendant's Fraudulent Attempts to Re-Start Terminated Claims:*** After DE LA CRUZ's employment with ESD ended, on various dates beginning on or about February 19, 2021 through on or about March 15, 2021—just as the extension of the CARES Act unemployment benefits were announced—DE LA CRUZ restarted and attempted to restart benefit payments on at least two of the fraudulent claims.

24. DE LA CRUZ impersonated claimants in the course of attempting to obtain benefits in their names. For example, DE LA CRUZ impersonated one claimant, T.D., on recorded telephone calls with bank and ESD personnel, and successfully restarted disbursement of benefits to the debit card in DE LA CRUZ'S possession but bearing T.D.'s name. For another claimant, DE LA CRUZ impersonated the claimant, A.D., by using A.D.'s PII in handwritten correspondence to ESD with images of A.D.'s driver's

United States v. De La Cruz
Indictment - 7
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

license and Social Security card attached. DE LA CRUZ faxed the materials from a UPS Store in Moses Lake.

### D. Execution of the Scheme to Defraud

25. On or about the dates set forth below, at Olympia, within the Western District of Washington, and elsewhere, REYES DE LA CRUZ, III for the purposes of executing the scheme above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count of this Indictment:

| Count | Approximate Date | Claimant Initials | Wire Transmission |
|---|---|---|---|
| 1 | 08/04/20 | R.S. | Wire from Washington to another state to initiate ACH transfer of approximately $14,640 |
| 2 | 08/05/20 | I.A. | Wire from Washington to another state to initiate ACH transfer of approximately $9,012 |
| 3 | 08/07/20 | A.D. | Wire from Washington to another state to initiate ACH transfer of approximately $6,054 |
| 4 | 08/09/20 | D.D. | Wire from Washington to another state to initiate ACH transfer of approximately $13,458 |
| 5 | 09/03/20 | T.D. | Wire from Washington to another state to initiate ACH transfer of approximately $14,814 |
| 6 | 09/08/20 | S.S. | Wire from Washington to another state to initiate ACH transfer of approximately $14,513 |

All in violation of Title 18, United States Code, Section 1343.

United States v. De La Cruz
Indictment - 8
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNTS 7-15
### (Bribery by Agent of Organization Receiving Federal Funds)

26. Paragraphs 1-25 of this Indictment are incorporated by reference as if fully set forth herein.

27. At all times material to this Indictment, the Washington Employment Security Department was an agency of the State of Washington that received federal assistance in excess of $10,000 during the one-year period beginning March 27, 2020 and ending March 27, 2021.

28. Defendant REYES DE LA CRUZ, III was an agent of the Washington Employment Security Department, whose duties included accessing and adjudicating unemployment benefit claims.

29. On or about the dates set forth below, at Olympia, in the Western District of Washington, and elsewhere, DE LA CRUZ did corruptly solicit, demand, accept and agree to accept a thing of value from persons identified below by initial, intending to be influenced and rewarded in connection with a transaction and series of transactions of the Washington Employment Security Department involving $5,000 or more.

| Count | Approximate Date | Individual | Approximate Value of Transaction(s) |
|---|---|---|---|
| 7 | 8/4/20 | H.C. | $39,160 |
| 8 | 8/5/20 | I.A. | $35,425 |
| 9 | 8/11/20 | D.D. | $39,005 |
| 10 | 8/12/20 | B.H. | $17,810 |
| 11 | 8/14/20 | E.R. | $18,750 |
| 12 | 8/22/20 | M.G. | $18,515 |
| 13 | 8/26/20 | M.S. | $16,205 |
| 14 | 09/23/20 until 09/30/20 | J.G. | $34,310 |
| 15 | 09/24/20 until 9/27/20 | T.P. | $12,240 |

United States v. De La Cruz
Indictment - 9
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT 16
### (Extortion Under Color of Official Right)

30. Paragraphs 1-29 of this Indictment are incorporated by reference as if fully set forth herein.

31. Between on or about August 5, 2020, and on or about August 19, 2020, at Olympia, within the Western District of Washington, and elsewhere, REYES DE LA CRUZ, III, did knowingly affect, in any way and degree, commerce and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, DE LA CRUZ obtained and attempted to obtain money from S.M., which was not due to DE LA CRUZ or his office, under color of official right.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNTS 17-20
### (Aggravated Identity Theft)

32. Paragraphs 1-31 of this Indictment are incorporated by reference as if fully set forth herein.

33. On or about the dates set forth below, at Olympia, within the Western District of Washington, and elsewhere, REYES DE LA CRUZ, III, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, in that DE LA CRUZ submitted claims to the Washington Employment Security Department using the names, dates of birth, and Social Security numbers of the persons with the initials listed below, during and in relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit, wire fraud in violation of Title 18, United States Code, Section 1343.

United States v. De La Cruz
Indictment - 10
2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date | Initials of Victim |
|-------|----------|--------------------|
| 17 | 07/31/20 | R.S. |
| 18 | 08/03/20 | A.D. |
| 19 | 08/31/20 | T.D. |
| 20 | 09/02/20 | S.S. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1–20 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses alleged in Counts 1–16 of this Indictment, the defendant, REYES DE LA CRUZ, III, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense. This property includes, but is not limited to, a sum of money reflecting the proceeds the defendant personally obtained from the offense.

**Substitute Assets.** If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or,
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property of the

United States v. De La Cruz
Indictment - 11

2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  defendant, up to the value of the above-described forfeitable property, pursuant to Title
2  21, United States Code, Section 853(p).

A TRUE BILL:

DATED: 22 September 2021

*[Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States]*

_____
FOREPERSON

_____
TESSA M. GORMAN
Acting United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
CINDY CHANG
Assistant United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

United States v. De La Cruz
Indictment - 12

2021R00876

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970