The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-05336-RJB |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| REYES DE LA CRUZ, III, | |
| Defendant. | |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Cindy Chang and Seth Wilkinson, Assistant United States Attorneys for said District, Defendant Reyes De La Cruz, III, and Defendant's attorney, Corey Endo, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(A).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a.    Wire fraud, as charged in Count 4, in violation of Title 18, United States Code, Section 1343;

Plea Agreement - 1
United States v. Reyes De La Cruz, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. Bribery by an agent of an organization receiving federal funds, as charged in Count 11, in violation of Title 18, United States Code, Section 666(a)(1)(B); and

   c. Aggravated identity theft, as charged in Count 17, in violation of Title 18, United States Code, Section 1028A.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

   a. The elements of wire fraud, as charged in Count 4, are as follows:

First, Defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property, by means of false or fraudulent pretenses, representations, or promises, or omitted facts;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, Defendant acted with the intent to defraud, that is, with the intent to deceive and cheat;

Fourth, Defendant transmitted writings, signs, signals, pictures or sounds, by means of wire, in interstate commerce to carry out or attempt to carry out an essential part of the scheme; and

Fifth, the violation occurred in relation to, or involved, benefit payments authorized, transmitted, disbursed or paid in connection with a presidentially-declared major disaster or emergency.

Plea Agreement - 2
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. The elements of bribery by an agent of an organization receiving federal funds, as charged in Count 11, are as follows:

First, Defendant was an agent of an organization; a state, local, or tribal government; or an agency of a state, local, or tribal government;

Second, the organization, state or local government, state or local government agency, or tribal government, received federal assistance in excess of $10,000 in a one-year period;

Third, Defendant solicited or demanded for the benefit of any person, or accepted or agreed to accept, a thing of value from any person;

Fourth, Defendant acted corruptly with intent be influenced or rewarded in connection with a transaction; and

Fifth, the value of the transaction to which the payment related was at least $5,000.

c. The elements of aggravated identity theft, as charged in Count 17, are as follows:

First, Defendant knowingly possessed, transferred, or used without legal authority, a means of identification;

Second, Defendant knew the means of identification belonged to a real person; and

Third, Defendant did so during and in relation to an enumerated offense under 18 U.S.C. 1028A(c), which includes wire fraud.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of wire fraud, as charged in Count 4: A maximum term of imprisonment of up to 30 years, a fine of up to $1,000,000, a period of supervision following release from prison of up to five years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 3
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. For the offense of bribery by an agent of an organization receiving federal funds, as charged in Count 11: A maximum term of imprisonment of up to ten years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

c. For the offense of aggravated identity theft, as charged in Count 17: A mandatory term of imprisonment of two years, which must run consecutive to any other sentence, a maximum fine of up to $250,000, a period of supervision following release from prison of up to one year, and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Plea Agreement - 4
United States v. Reyes De La Cruz, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7)

Plea Agreement - 5
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Statement of Facts**. Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

    a. **Summary.** Defendant Reyes De La Cruz, III was an employee and public official with the Washington Employment Security Division (ESD) from April 2020 until October 2020. During that time, Defendant exploited his employment at ESD as an Intake Agent and Unemployment Insurance Specialist by stealing public funds intended to be paid as unemployment benefits to workers suffering from the economic effects of the COVID-19 pandemic. Namely, Defendant: (1) accepted payment from individuals he knew directly or indirectly in exchange for ensuring that those individuals received pandemic unemployment benefits, even though they were not entitled to benefits; (2) demanded payments

Plea Agreement - 6
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

from claimants by threatening to reverse the benefits decisions he engineered; and (3) fraudulently used personal identifying information (PII) of other Washington residents to file fraudulent claims without their knowledge or consent, and diverted the benefits to himself.

    b.    In total, Defendant caused ESD to pay out at least approximately $360,000 worth of fraudulent claims, of which De La Cruz personally obtained at least $130,000.

    c.    **CARES Act Unemployment Benefits.** On March 27, 2020, the United States enacted into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act. The CARES Act authorized approximately $2 trillion in aid to American workers, families, and businesses to mitigate the economic consequences of the COVID-19 pandemic. The CARES Act funded and authorized each state to administer new unemployment benefits and allowed an unemployed worker to obtain back benefits retroactive to the date on which the applicant was affected by COVID-19, which, under program rules, could be as early as January 27, 2020, for up to 39 weeks. As a result, backdated benefit claims could easily amount to tens of thousands of dollars. ESD, which is headquartered in Olympia, Washington, administered these CARES Act unemployment benefits for the State of Washington.

    d.    **Presidential Declarations.** CARES Act unemployment benefits are authorized, transferred, disbursed, and paid in connection with a nationwide emergency declared by Presidential Proclamation 9994 (effective as of March 1, 2020) and a Presidential declaration of a major disaster for the State of Washington concerning the COVID-19 pandemic that was issued on March 22, 2020.

    e.    **Scheme to Defraud.** Between on or about July 3, 2020 and until at least March 15, 2021, Defendant knowingly, and with intent to defraud, made

Plea Agreement - 7
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

material false and fraudulent statements and representations to cause ESD to pay out COVID-19 pandemic unemployment benefit funds for himself and others.

  f. In at least 10 instances, in exchange for kickback payments, Defendant used his employee access to ESD's Unemployment Tax and Benefit (UTAB) system to fraudulently cause ESD to approve and pay unemployment benefit claims that were not properly payable to people he knew directly and indirectly. De La Cruz used his official position to clear and override eligibility, identification, and other issues that would have otherwise prevented disbursement of benefit payments. In some instances, Defendant and the claimant agreed in advance that De La Cruz would receive a portion of the benefits after the funds were disbursed. In other instances, Defendant demanded payment after the funds were disbursed. On occasion, if an individual resisted, Defendant threatened to alter the claim so that benefits would not longer be disbursed. These kickback payments ranged from approximately $500 to $6500 and totaled at least $20,900.

  g. As charged in Count 4, as a representative example of Defendant's fraud scheme, De La Cruz entered false statements on UTAB for D.D.'s claim for unemployment benefits based on unsubstantiated self-employment wages. ESD has no record of D.D. receiving wages in the state since 2017, and D.D. has not provided any documentation of legitimate self-employment. As a result of Defendant's conduct, D.D. received a backdated benefits payment of approximately $13,458 on or about August 9, 2020, and on or about August, 11, 2020, D.D. paid Defendant approximately $1,000 and agreed to refer additional individuals to De La Cruz's kickback scheme. In total, D.D. received approximately $39,000 in pandemic-related unemployment benefits.

  h. In at least four instances, Defendant fraudulently used PII of other persons and his employee access to UTAB to file fraudulent COVID-19 pandemic unemployment benefit claims in their identities. He caused the benefits to be paid to debit cards that were sent to mailboxes Defendant accessed. Even after ESD

Plea Agreement - 8
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

terminated Defendant on October 1, 2020, and he no longer had employee access to UTAB, between February and March 2021, De La Cruz impersonated T.D. on recorded phone calls with bank and ESD personnel, using T.D.'s PII to fraudulently obtain additional benefits. During this same time period, Defendant also attempted to obtain additional benefits under A.D.'s identity by impersonating A.D. in handwritten correspondence to ESD. In total, Defendant obtained approximately $113,000 in fraudulent benefits that he diverted directly to himself.

    i.    Defendant caused an interstate wire transmission each time ESD disbursed benefits on claims Defendant fraudulently filed or altered. When ESD disburses unemployment benefits, ESD initiates the payment from Olympia, Washington, and the payment is processed in one of KeyBank's wire processing centers. KeyBank does not have any processing centers within Washington State. Therefore, as charged in Count 4, as a representative example of Defendant's fraud scheme, Defendant caused an interstate wire transmission on or about August 9, 2020, when ESD initiated the payment of approximately $13,458 to D.D. after Defendant entered false statements in UTAB for D.D.'s claim.

    j.    **Bribery.** As charged in Count 11, as representative of Defendant's conduct, Defendant and E.R. agreed that E.R. would pay Defendant a portion of the pandemic unemployment benefits E.R. received in exchange for Defendant ensuring the payments were disbursed. Although E.R. did not qualify for pandemic unemployment benefits, Defendant used his official position to improperly clear nearly 70 issues in UTAB to allow the benefits to be disbursed. On or about August 14, 2̶2̶0̶ [2020 TLF], as a result of Defendant's conduct, E.R. received a backdated benefits payment of approximately $15,183, and on or about that same day, E.R. paid Defendant $3,500 in cash. In total, E.R. received approximately $18,750 in pandemic-related unemployment benefits. In so doing, the defendant, an agent of a state government agency that received federal assistance in excess of $10,000 per year, acting corruptly and with intent to be influenced or rewarded in

Plea Agreement - 9
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

connection with a transaction with a value in excess of $5,000, solicited and demanded for his benefit a thing of value from another person in connection with the transaction.

k. **Aggravated Identity Theft.** On or about July 31, 2020, as charged in Count 17, as a representative example of Defendant's conduct, during and in relation to the execution of Defendant's violation of 18 U.S.C. § 1343, Defendant knowingly used, without lawful authority, the name, date of birth, and Social Security Number of an individual with the initials R.S. to file a fraudulent COVID-19 pandemic unemployment benefit claim.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. All counts involve substantially the same harm and are grouped together into a single group, pursuant to USSG § 3D.1.2(b), because the counts involve the same victim, ESD, and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan; [TCF]

    b. A base offense level of 14, pursuant to USSG § 2C1.1(a)(1);

    c. A two-level increase, pursuant to USSG § 2C1.1(b)(1), because the conduct involved more than one bribe; and

    d. A 12-level increase, pursuant to USSG §§ 2C1.1(b)(2) and 2B1.1(b)(1)(G), because the loss amount was more than $250,000 but less than $550,000; and

Plea Agreement - 10
United States v. Reyes De La Cruz, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Sentencing Recommendations.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend a custodial sentence of no more than 75 months. Defendant is free to recommend any lawful sentence. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

11. **Restitution.**

Defendant shall make restitution to the Washington State Employment Security Department in the amount of $360,000, with credit for any amounts already paid.

    a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as

Plea Agreement - 11
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

    b.  Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property

Plea Agreement - 12
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

12. **Forfeiture of Assets**. Defendant understands that the forfeiture of assets is part of the sentence imposed in this case. Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, which constitutes, or is derived from, any proceeds Defendant obtained, directly or indirectly, as the result of the offense charged in Counts 4 and 11 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c).

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of either offense set forth in Counts 4 and 11.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea

Plea Agreement - 13
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and will move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct

Plea Agreement - 14
*United States v. Reyes De La Cruz*, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

15. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

18. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

//
//

Plea Agreement - 16
United States v. Reyes De La Cruz, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 22nd day of June 2022.

_____
REYES DE LA CRUZ, III
Defendant

_____
COREY ENDO
Attorney for Defendant

_____
CINDY CHANG
Assistant United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

Plea Agreement - 17
United States v. Reyes De La Cruz, CR21-05336-RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970